# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 4:09-CV-1884 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| ELLERY A. CRISSMAN, II, et. al., | |
| Defendants. | |

## MEMORANDUM

Before the Court is Defendant/Counterclaim Plaintiff DLJ Mortgage Capital, Inc.'s Motion for Reconsideration (Doc. 85) of this Court's September 27, 2011 Order (Doc. 84) granting summary judgment in favor of the United States of America on the issue of lien priority.  For the reasons explained below, the Motion will be denied.

## Discussion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry.  FED. R. CIV. P. 59(e).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*

*Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

DLJ Mortgage Capital, Inc. ("DLJ") prays that the Court reconsider its September 27 Order granting three of the United State of America's ("United States") tax liens priority over DLJ's alleged purchase-money mortgage.  (Doc. 85 at 1).  DLJ avers, as it did previously, that it is "clear that purchase money mortgages have priority over tax liens irrespective of whether the tax liens are filed before or after the mortgage at issue."  (Doc. 85-2 at 2) (emphasis omitted). This argument is almost singularly based upon *Slodov v. United States.* 436 U.S. 238 (1978).   There, in offering generalized instances where tax liens are subordinated to the interests of others in property, the Supreme Court opined that "the Code and established decisional principles subordinate the tax lien to *perfected* security interests arising before the  filing of the tax lien, to certain *perfected* security interests in certain collateral, including . . . collateral which is the subject of a purchase-money mortgage regardless of whether the agreement was entered into before or after filing of the tax lien." *Id.* at 257-58 (emphasis added).  The Court went on to acknowledge that the Internal

Revenue Service ("IRS") had "formally accepted" this tenet in Revenue Ruling 68-57, *Id.*, which stated that "the Internal Revenue Service will consider that a purchase money security interest or mortgage *valid under local law* is protected even though it may arise after a notice of Federal tax lien has been filed." Rev. Rul. 68-57, 1968-1 C.B. 553, 1968 WL 15409 (emphasis added). Therefore, from the above and contrary to DLJ's assertions, state law is expressly relevant in evaluating the priority of a purchase money mortgage.

In the instant case, DLJ's alleged purchase money mortgage was not filed until almost two years after it was executed. Specifically, under Pennsylvania law, purchase money mortgages have priority "from the time they are delivered to the mortgagee, if they are recorded within ten days after their date; otherwise, from the time they are left for record." 42 Pa. C. S. § 8141(1) ("Time from which lines have priority"). Therefore, assuming DLJ's mortgage was a purchase money mortgage, it did not enjoy priority against a subsequent lien until the date it was actually recorded, which, by that time, three federal tax liens had been filed against the property. When incorporating the above maxims that purchase money mortgages only have priority against federal tax liens to the extent that they are perfected or are valid under local law, it is clear that tax liens filed against the Crissman property before the mortgage was recorded have priority over DLJ's mortgage.

A highly analogous situation was posed in *First National Bank v. Coxson*. No. 347-73, 1976 U.S. Dist. LEXIS 15155 (D.N.J. 1976). There, a bank took a security interest in a car on March 6, but did not perfect its interest under state law until May 9, over two months later. *Id.* at *3. In the interim period, the United States perfected a federal tax lien on the vehicle, on March 7. *Id.* The issue presented in that case, just like the instant matter, was "whether a purchase money security interest perfected two months after attachment is entitled to

priority over a federal tax lien perfected during that two month period." *Id.* at *4.  Nearly paralleling my September 27 Memorandum, the *Coxson* court determined that the bank did not hold a security interest in that period as it was not "protected under local law against a subsequent judgment lien arising out of an unsecured obligation." *Id.* at *6-7; 26 U.S.C. § 6323(h)(1).  Moreover, that Court, also rejected the notion that Revenue Ruling 68-57 mandated a different result, noting that such an interpretation "would place the United States in a position far inferior to that of a lien creditor under state law, a result that should occur only upon a clear statutory directive." *Id.* at *10.  Instead, it determined that the Revenue Ruling entitled purchase money security interests to a "conditional priority over federal tax liens" in deference to pertinent state law. *Id.* at *14.

Finally, DLJ avers that such a conclusion is incorrect as a matter of public policy, having the potential to lead to "absurd results." (Doc. 85-2 at 4).  Specifically, that "it makes no sense to grant priority to purchase-money mortgages over prior tax liens, but then grant priority to tax liens filed in the gap period. In both cases, the mortgagee's contribution to the property is the same and, in both cases, the tax lien would never have attached to the property at all but for the mortgagee's contribution of the funds necessary to purchase the property." (*Id.*) (emphasis omitted).  Such "gap period" references the period between the creation of a purchase money mortgage and its eventual recording.  The Court disagrees, however, that this produces an illogical outcome.  Having a finite period in which a mortgagee must file their interest in particular collateral protects subsequent, unwitting creditors from extending credit to borrowers that is secured by those same encumbered assets.  Though such assets may not have been acquired 'but for' the purchase money mortgage, allowing purchase money liens to remain unrecorded would serve as a trap for

subsequent secured creditors.

Therefore, as there has been no change in controlling law, availability of new evidence, or clear error of law, the Court will deny Defendant's Motion for Reconsideration.

## Conclusion

For the reasons stated above, Defendant/Counterclaim Plaintiff DLJ Mortgage Capital, Inc.'s Motion for Reconsideration (Doc. 85) will be denied. An appropriate order follows.


 November 4, 2011                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ELLERY A. CRISSMAN, II, et. al., Defendants. | CIVIL ACTION NO. 4:09-CV-1884 (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 4th day of November, 2011, **IT IS HEREBY ORDERED** that Defendant/Counterclaim Plaintiff DLJ Mortgage Capital, Inc.'s Motion for Reconsideration (Doc. 85) is **DENIED**.

         /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge